IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN BERNARD DISTANCE | * | |
| | | Civil Action No. L-05-3115 |
| Petitioner | * | Criminal Action No. L-95-236 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | | |

******

**MEMORANDUM**

Petitioner Norman Bernard Distance ("Distance"), a federal prisoner, filed this petition for writ of *audita querela*, seeking to correct his sentence for conspiracy to distribute heroin and other related crimes in light of United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). The motion, docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, will be construed pursuant to 28 U.S.C.§ 2255 and dismissed without prejudice.

"'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshal Service, 474 U.S. 34, 43 (1985)). "'Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.'" Id. In this case, Distance is collaterally attacking the validity of his sentence. As such, a 28 U.S.C. § 2255 motion is the proper vehicle to assert this challenge, not the All Writs Act. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). Accordingly, Distance's petition will be construed as a motion to vacate, set aside, or correct a sentence under § 2255.

Distance already filed a 28 U.S.C. § 2255 petition in 2002, wherein he alleged that he was denied ineffective assistance of trial counsel.[1]  The Court denied the petition on October 7, 2002.  See United States v. Distance, Criminal No. L-95-0236, Docket No. 175 (D. Md. 2002). The instant motion, therefore, is a successive collateral challenge to his conviction and sentence. Successive motions under § 2255 may not be filed absent leave to do so from a federal court of appeals.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir.1997).

A different caption will not allow Distance to evade the procedural requirements of a successive § 2255 motion.  "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  Because Distance has not obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this successive 28 U.S.C. § 2255 action, the motion must be dismissed for lack of jurisdiction.  See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

Petitioner is further advised that the Fourth Circuit Court of Appeals has recently determined that Booker does not apply retroactively to cases on collateral review.  See U.S. v. Morris, ___ F.3d ___, 2005 WL 2950732 (4th Cir. November 7, 2005).  This decision is in accord with every other circuit that has examined the issue.  See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir.2005); Padilla v. United States, 416 F.3d 424, 427 (5th Cir.2005) (per

---

[1] Distance maintained that trial counsel was ineffective for failing to: (i) inform him he could plead guilty and still contest the quantity of drugs he was alleged to have sold; (ii) call relevant witnesses on his behalf; (iii) contest the quantity of drugs he was alleged to have distributed; (iv) present his willingness to plead guilty as a basis for downward departure at sentencing; (v) present on appeal evidence of his willingness to plead guilty; (vi) investigate Government witness Craig Bydume.  See United States v. Distance, Criminal No. L-95-0236, Docket No. 175 (D. Md. 2002).

curiam); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam); In re Olopade, 403 F.3d 159, 160 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139, 143 (2nd Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

      Accordingly, Distance's successive § 2255 petition will be dismissed by separate Order.

Dated this 12th day of December, 2005.

                                    /s/
                                  _____
                                  Benson Everett Legg
                                  Chief Judge